**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Madhu Estates, LLC

    v.                                    Civil No. 18-cv-555-PB

Judith Tompson

**REPORT AND RECOMMENDATION**

    Defendant, Judith Tompson, removed this eviction proceeding
from the New Hampshire Circuit Court, 10th Circuit, District
Division, Salem ("Salem District Court") to federal court.  See
Notice of Removal (Doc. No. 1).  Tompson's initial filings are
before the court to determine whether this court has subject
matter jurisdiction.  See LR 4.3(d)(2); see also 28 U.S.C.
§ 1447(c).  Also before the court is Tompson's motion to
continue electricity (Doc. No. 7), seeking a preliminary
injunction ordering that electric service be maintained at the
subject condominium unit during the eviction proceeding.  That
motion has been referred to the magistrate judge for a report
and recommendation.  In addition, Tompson's motion to dismiss
(Doc. No. 6), plaintiff Madhu Estates LLC's "Motion to Dismiss,"
seeking a remand (Doc. No. 10), are pending here.

Background

    Tompson fell behind on mortgage loan payments and suffered
a mortgage foreclosure on her condominium unit in Salem, New

Hampshire.  Tompson continued to reside in the condominium unit after Fannie Mae acquired the property by foreclosure deed.

Fannie Mae filed a landlord and tenant action in state court against Tompson to evict her.  <u>Fed. Nat'l Mortg. Ass'n v. Tompson</u>, No. 473-2017-LT-11121 (N.H. Cir. Ct., 10th Cir., Dist. Div., Salem, filed Nov. 16, 2017) ("<u>Fannie Mae I</u>").  Tompson removed that action to federal court, <u>see</u> <u>Fed. Nat'l Mortg. Ass'n v. Tompson</u>, No. 17-cv-699-SM (D.N.H.) ("<u>Fannie Mae II</u>").  The court in <u>Fannie Mae II</u> remanded that case to Salem District Court for lack of subject matter jurisdiction.  <u>See Fannie Mae II</u>, 2018 DNH 108, 2018 U.S. Dist. LEXIS 86086, at *10, 2018 WL 2426638, at *4 (D.N.H. May 21, 2018) (ECF No. 15).[1]

Fannie Mae held a public auction in March 2018, at which Madhu Estates LLC was the highest bidder.  After the deed transfer, Fannie Mae filed a notice of voluntary non-suit in the remanded state case on June 5, 2018, and that state case was closed.  <u>See</u> June 5, 2018 Vol. Nonsuit, <u>Fannie Mae I</u>.

Madhu Estates LLC filed this eviction proceeding on June 11, 2018 in Salem District Court, to evict Tompson.  <u>See Madhu Estates LLC v. Tompson</u>, No. 473-2018-LT-00059 (N.H. Cir. Ct., 10th Cir., Dist. Div., Salem, filed June 11, 2018).  Tompson

---

[1]Tompson's appeal in that case was docketed in the First Circuit on July 3, 2018.  <u>See</u> <u>Fed. Nat'l Mortg. Ass'n v. Tompson</u>, No. 18-1619 (1st Cir., appeal filed July 3, 2018).

filed a notice of removal here on June 19, 2018, before she
filed an answer asserting defenses and counterclaims.

I.    Subject Matter Jurisdiction

A case may be removed to federal court if this court would
have had original jurisdiction over the matter.  28 U.S.C.
§ 1441(a).  This court has authority to consider, sua sponte,
whether it has jurisdiction over a removed case.  See York v.
Day Transfer Co., 525 F. Supp. 2d 289, 295 (D.R.I. 2007); see
also Am. Policyholders Ins. Co. v. Nyacol Prods., Inc., 989 F.2d
1256, 1258 (1st Cir. 1993) (court is obliged to address
propriety of removal as threshold matter).  In the context of
disputes over removal jurisdiction, it is the removing
defendant's burden to show that removal was proper.  See Fayard
v. Northeast Vehicle Servs., LLC, 533 F.3d 42, 48 (1st Cir.
2008); see also Acosta–Ramírez v. Banco Popular de P.R., 712
F.3d 14, 20 (1st Cir. 2013).  "Furthermore, the removal statute
should be strictly construed, and any doubts about the propriety
of removal should be resolved against the removal of an action."
Int'l Union of Operating Eng'rs, Local No. 68 Welfare Fund v.
AstraZeneca PLC (In re Pharm. Indus. Average Wholesale Price
Litig.), 431 F. Supp. 2d 109, 116 (D. Mass. 2006).  Remand to
the state courts is required if, at any time, it appears that

the district court lacks jurisdiction over the case.  See 28
U.S.C. § 1447(c).


    A.    Diversity Jurisdiction

    Tompson relies primarily on diversity of citizenship as the
basis for invoking this court's subject matter jurisdiction.
The pertinent statute, 28 U.S.C. § 1332(a), requires complete
diversity of citizenship, and an amount in controversy exceeding
the jurisdictional amount of $75,000.00.


        1.    Citizenship

    Tompson is a New Hampshire resident.  The plaintiff, Madhu
Estates LLC, is a limited liability company, which is deemed to
be a citizen of each state where its members reside.  Pramco,
LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.,
435 F.3d 51, 54-55 (1st Cir. 2006).  Gaddam Madhu, who manages
Madhu Estates LLC, has a Massachusetts address.  Nothing before
the court suggests that there are any New Hampshire resident
members of Madhu Estates LLC.


        2.    Amount in Controversy

    The amount-in-controversy requirement for diversity actions
is $75,000.00.  See 28 U.S.C. § 1332(a).  In cases such as this,
where the underlying state court pleading seeks only nonmonetary

                                4

relief (eviction of Tompson), and the court has reason to question the amount in controversy asserted in the notice of removal, the defendant bears the burden of producing evidence establishing the amount in controversy by a preponderance of the evidence.  See id. § 1446(c)(2)(B); Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547, 554 (2014); Sanders v. Luminescent Sys., Inc., No. 14-cv-188-PB, 2014 DNH 141, 2014 WL 2815810, at *1, 2014 U.S. Dist. LEXIS 85175, at *3-*4 (D.N.H. June 23, 2014) ("When the amount in controversy is disputed, courts require more than a bare allegation such as that included in defendants' notice of removal.").

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Hunt v. Wash. State Apple Adver, Comm'n, 432 U.S. 333, 347 (1977).  Federal courts look to state law to determine the nature and extent of the right to be enforced in a diversity case, in considering the whether the amount-in-controversy has been satisfied.  See Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 352–53 (1961).

In the notice of removal, Tompson asserts that she seeks damages on counterclaims totaling $125,000.00, an amount she asserts is equivalent to the homestead exemption she claimed for the condominium unit under the Internal Revenue Code.  In addition, she asserts counterclaims sounding in state tort law.

In the summary eviction proceeding, however, Madhu Estates LLC has not asserted any claim for unpaid rent.  Under N.H. Rev. Stat. Ann. § 504:13, III, defenses or counterclaims reducing the amount of rent owed may be litigated "[i]f the landlord elects to make a claim for unpaid rent."  It is not clear, however, whether Tompson may litigate her counterclaims in a summary eviction case where no claim for unpaid rent is asserted.  N.H. Rev. Stat. Ann. ("RSA") § 540:13, III ("[i]f the landlord elects to make a claim for unpaid rent, the court shall consider any defense, claim, or counterclaim . . . which offsets or reduces the amount owed to the plaintiff").  To that extent, the damages sought on those counterclaims is not properly deemed to be the amount in controversy for purposes of removing that case.

In the analogous eviction proceeding filed by Fannie Mae against Tompson in November 2017, Tompson also asserted a $125,000.00 counterclaim based on the federal homestead exemption as grounds for finding the amount in controversy to exceed $75,000.00.  The Fannie Mae II court concluded that the counterclaim in that case could not be a basis for finding removal jurisdiction.  See Fannie Mae II, 2018 WL 2426638, at *2, 2018 U.S. Dist. LEXIS 86086, at *5-*6.  Noting that it would be problematic to base the amount in controversy on counterclaims like Tompson's that had not been pleaded prior to the removal, id., 2018 WL 2426638, at *2 n.1, 2018 U.S. Dist.

LEXIS 86086, at *6 n.1, the Fannie Mae II court reasoned that
the traditional rule, which does not take any counterclaims into
account when determining the amount in controversy, was properly
applied as Tompson's counterclaim was not transactionally
related to the possessory action in state court.  Id., 2018 WL
2426638, at *2, 2018 U.S. Dist. LEXIS 86086, at *6.  The facts
here are substantially the same, and the same reasoning applies.
Therefore, Tompson's estimate of the value of her counterclaims
does not provide a measure of the amount in controversy in this
case.  See Watch Hill Partners, Inc. v. Barthel, 338 F. Supp. 2d
306, 309 (D.R.I. 2004) (value of counterclaims cannot be used to
establish jurisdictional amount in controversy).

        Tompson asserts, as an alternate measure of the amount in
controversy, the sum of the rent she did not pay in June 2018
(which she asserts is $1,000.00) added to the amount Madhu
Estates LLC paid to buy the condominium at a public auction
($74,025.00 plus recording and filing charges).  Tompson appears
to contend that in the eviction proceeding, she will be able to
litigate whether there are defects in Madhu Estates LLC's title
in the property that void its claim of ownership, and,
therefore, the value of the entire property, approximated by the
auction price, may be deemed to be the amount in controversy.  A
mistake in Tompson's reasoning, however, is that the Salem
District Court landlord tenant case at issue is not a proceeding

7

in which a title dispute could be resolved.  See Fed. Home Loan
Mortg. Corp. v. Willette, 168 N.H. 512, 514, 131 A.3d 950, 952
(2016); Wells Fargo Bank v. Schultz, 164 N.H. 608, 611, 62 A.3d
893, 896 (2013) ("In a possessory action in the district
division, 'the defendant shall not offer evidence which may
bring the title to the demanded premises in question.'" (quoting
RSA § 540:16)).  While there is some authority for the
proposition that the market rent is the value of that possessory
interest, neither the auction price, nor its fair market value,
is properly deemed to be the amount in controversy in this
summary eviction proceeding.  See Wells Fargo Bank Nat'l Ass'n
v. Gomez, No. 3:15-CV-0184-N-BF, 2015 WL 12763516, at *2, 2015
U.S. Dist. LEXIS 55426, at *4-*5 (N.D. Tex. Jan. 22, 2015) (N.D.
Tex. Jan. 22, 2015), R&R adopted, No. 3:15-CV-0184-N-BF, 2015
U.S. Dist. LEXIS 54435, 2015 WL 12763517 (N.D. Tex. Apr. 27,
2015); Fed. Nat'l Mortg. Ass'n v. Gibson, No. SA:14-CV-712-XR,
2014 WL 4385989, at *1, 2014 U.S. Dist. LEXIS 123144, at *3-*4
(W.D. Tex. Sep. 3, 2014).  Nothing here suggests that the value
of the object of the eviction proceeding exceeds $75,000.00.
Tompson has not shown that removal on the basis of diversity of
citizenship is proper in this case.  See In re Pharm. Indus.,
431 F. Supp. 2d at 116 (any doubts about propriety of removal
should be resolved against removal).

B.    Federal Question Jurisdiction

Tompson's filings suggest that she may seek to invoke this court's federal question jurisdiction under 28 U.S.C. § 1331. Under the well-pleaded complaint rule, however, the "'plaintiff is master of his complaint,'" and "'a case cannot be removed if the complaint's allegations are premised only on local law.'" López-Muñoz v. Triple-S Salud, Inc., 754 F.3d 1, 4 (1st Cir. 2014) (citation omitted); see also Vaden v. Discover Bank, 556 U.S. 49, 54 (2009) (federal court jurisdiction "cannot be invoked on the basis of a defense or counterclaim"); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392-93 (1987) (case cannot be removed to federal court on basis of federal defense). This case, filed initially in Salem District Court, is an eviction proceeding, arising under state law.  There is no federal claim in the landlord tenant petition that could provide grounds for exercising federal question jurisdiction over this matter.  See Fannie Mae II, 2018 WL 2426638, at *3, 2018 U.S. Dist. LEXIS 86086, at *6-*7.  Accordingly, the district judge should remand this action for lack of jurisdiction, and deny as moot Madhu Estates LLC's motion seeking a remand (Doc. No. 10).


II.   Tompson's Motions (Doc. Nos. 6, 7)

Tompson seeks injunctive relief in her motion to continue electricity (Doc. No. 7), and she seeks to dismiss the

underlying eviction proceeding in Document No. 6.  "'A [party]
seeking a preliminary injunction must establish that he is
likely to succeed on the merits, that he is likely to suffer
irreparable harm in the absence of preliminary relief, that the
balance of equities tips in his favor, and that an injunction is
in the public interest.'"  Glossip v. Gross, 135 S. Ct. 2726,
2736 (2015) (citation omitted).  Irreparable harm and the
likelihood of success weigh most heavily in the analysis.
Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008);
Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645
F.3d 26, 32 (1st Cir. 2011).  The burden of proof is on the
movant.  See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18
(1st Cir. 2006).

Because this action should be remanded, Tompson has not
demonstrated, and cannot demonstrate, any likelihood that she
would succeed on the merits of her claims in this action.
Therefore, without expressing any opinion on the underlying
merits of any claims, counterclaims, or defenses in the eviction
proceeding, the district judge should deny the motion to
continue electricity (Doc. No. 7), without prejudice to
Tompson's ability to seek such relief in the state court after
remand.[2]  Similarly, this court should deny Tompson's motion to

---

[2]The Salem District Court appears to have granted Tompson's
motion to continue electricity on the property.  See Madhu

dismiss the underlying eviction proceeding (Doc. No. 6) without prejudice to her ability to seek such relief in the state court.

## Conclusion

For the foregoing reasons, the district judge should remand this action for lack of subject matter jurisdiction, deny the pending motion for remand as moot (Doc. No. 10), and deny without prejudice to refiling in state court Tompson's motions to dismiss and to continue electricity (Doc. Nos. 6, 7).  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  <u>See</u> Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  <u>See</u> <u>Santos-Santos v. Torres-Centeno</u>, 842 F.3d 163, 168 (1st Cir. 2016).


_Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

August 7, 2018

cc:  Judith Tompson, pro se
     Michael J. Scott, Esq.

---

<u>Estates LLC v. Tompson</u>, No. 473-2018-LT-00059 (N.H. Cir. Ct., 10th Cir., Dist. Div., Salem July 12, 2018).  This court expresses no opinion on whether that state court order should be revisited, upon remand.  <u>See generally</u> 28 U.S.C. § 1446(d).