UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Madhu Estates, LLC

    v.                                                                           Case No. 18-cv-555-PB

Judith Tompson

**O R D E R**

After due consideration of the objection filed, I herewith approve the Report and Recommendation of Magistrate Judge Andrea K. Johnstone dated August 7, 2018; deny all pending motions as moot; and remand this case to the New Hampshire Circuit Court, 10th Circuit, District Division, Salem, pursuant to 28 U.S.C. § 1447(c). The clerk of this court shall mail a certified copy of this remand order to the clerk of that state court.

This is the second time that Judith Tompson has removed a landlord-tenant action to this court, purporting to rely on her counterclaims to satisfy the jurisdictional requirements for removal, only to have the landlord tenant case remanded for lack of jurisdiction. See Fed. Nat'l Mortg. Ass'n v. Tompson, No. 17-cv-699-SM, 2018 DNH 108, 2018 U.S. Dist. LEXIS 86086, at *10, 2018 WL 2426638, at *4 (D.N.H. May 21, 2018) (ECF No. 15). Tompson is cautioned that vexatious removals are sanctionable under 28 U.S.C. § 1447(c) and Fed. R. Civ. P. 11, and that this

court has discretion to require the removal defendant to reimburse the costs and attorney's fees incurred by the plaintiff as a result of the removal.  See [Martin v. Franklin Capital Corp.](), 546 U.S. 132, 141 (2005); WM Capital Partners, 53 LLC (now WMPRE LLC) v. [San Juan Props.](), 270 F. Supp. 3d 545, 547 (D.P.R. 2017).  This court will not hesitate to sanction Tompson if she removes another landlord-tenant action based on a frivolous or objectively unreasonable argument that her counterclaims provide a basis for the court to exercise its removal jurisdiction.

**SO ORDERED.**

/s/ Paul Barbadoro_____
Paul Barbadoro
United States District Judge

September 27, 2018

cc:  Michael J. Scott, Esq.
     Judith Tompson, pro se